**FILED**
FEB 19 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>Sergio Angel DIAZ-<br>Jasmine Marie AYALA<br><br>Defendant | ) Mag. Case No. '08 MJ 8148<br>) <u>COMPLAINT FOR VIOLATION OF:</u><br>)<br>) Title 8, U.S.C., Section 1324<br>) (a)(1)(A)(ii) -Illegal Transportation of<br>) Alien(s)<br>)<br>)<br>)<br>) |

The undersigned complainant, being duly sworn, states:

On or about February 16, 2008, within the Southern District of California, defendant Sergio Angel DIAZ and Jasmine Marie AYALA, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, Adolfo VARGAS-Gutierrez, Jesus Antonio VILLANUEVA-Gutierrez and Jose Luis ESTRADA-Vasquez had come to, entered or remained in the United States in violation of law, did transport or move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant states that this complaint is based on the attached statement of facts which, is incorporated herein by reference.

_____
Senior Border Patrol Agent

SWORN TO BEFORE AND SUBSCRIBED IN MY PRESENCE THIS 19th DAY OF FEBRUARY 2008.

_____
Peter C. Lewis
United States Magistrate Judge

Page 1

I, Senior Border Patrol Agent Marco Miranda declare under penalty of Perjury, the following is true and correct:

# PROBABLE CAUSE STATEMENT

The complaint states that this complaint is based upon statements in the investigative reports by the apprehending agent, Canine Border Patrol Agent M. Vasquez that on February 16, 2008, the defendants, Sergio Angel DIAZ and Jasmine Marie AYALA, United States citizens were apprehended at a Border Patrol Checkpoint located on the westbound lanes of Interstate 8, approximately 32 miles east of Calexico, California, as they attempted to smuggle thirteen illegal aliens inside a travel trailer.

Canine Valdez was performing checkpoint duties approximately 32 miles east of the Calexico, California Port of Entry. Canine partner Aro, alerted to a travel trailer that was being hauled by a grey GMC Sierra. The vehicle was referred to secondary inspection. Agent Valdez identified himself as a Canine Border Patrol Agent to the driver who was identified as, Sergio Angel DIAZ a United States Citizen. DIAZ was questioned as to the travel trailer he was hauling. DIAZ stated that there was nothing inside the trailer except for equipment used to ride his All Terrain Vehicle. DIAZ stated the trailer did not belong to him and he did not have the registration information. DIAZ gave Canine Valdez permission to search inside the trailer, but the trailer was locked. DIAZ did not have the keys to unlock the trailer, but gave permission to open the trailer by any means possible.

While looking for an alternative way to open the trailer, Agent Trevino noticed condensation had formed inside the trailer windows. DIAZ was asked again if anyone was inside the trailer and DIAZ stated "No". Agent Trevino located an unlocked window and was able to slide it open. The blinds were pushed aside and Agent Valdez was able to inspect the inside of the trailer. Agent Valdez noticed approximately 8 individuals lying down inside the trailer.

DIAZ was placed in handcuffs and escorted to a marked Border Patrol vehicle. The passenger was identified as Jasmine Marie AYALA was also escorted to a different marked Border Patrol vehicle until the completion of the investigation.

Through the open window, Canine Valdez identified himself as a United States Border Patrol Agent to the suspected illegal aliens inside the trailer. Canine Valdez instructed the subjects to unlock the door. Once open all the subjects were instructed to exit the trailer. Canine Valdez again, identified himself as United States Border Patrol Agent and questioned the subjects as to their immigration status. All the subjects stated that they were citizens of Mexico and illegally in the United States. All the subjects were transported to the Calexico Station for processing

At approximately 2010 hours, DIAZ and AYALA were advised of their Miranda Rights. DIAZ and AYALA stated that they understood their rights and were willing to answer questions without an attorney present.

The driver of the GMC, Sergio Angel DIAZ stated that he was a United States citizen born in Visalia, CA. DIAZ also stated that he was aware he was arrested for having illegal aliens in the back. DIAZ stated he had no idea how the illegal aliens got in the trailer. DIAZ was advised that he was being prosecuted for Alien Smuggling.

The passenger of the GMC, Jasmine Marie AYALA stated she was born in Turlock, CA. AYALA stated that DIAZ drove the GMC from Turlock, CA to the Imperial Sand Dunes, but was not hauling a trailer. AYALA also stated that when they were referred to secondary inspection, DIAZ began showing signs of nervousness and told AYALA "Don't Trip". AYALA also stated that DIAZ told her "whatever happens it has nothing to do with you".

Material Witnesses Jesus Antonio VILLANUEVA-Gutierrez, Jose Luis ESTRADA-Vasquez, and Adolfo VARGAS-Gutierrez all stated that they walked for several hours through the desert. They all stated they were guided by foot guides and were taken to the travel trailer they were arrested in. They were all instructed to lie down.

VILLANUEVA, ESTRADA, and VARGAS were shown a six-pack photo lineup, but were unable to identify anyone.

The complaint state that the names of the Material Witnesses are as follows:

| NAME | PLACE OF BIRTH |
|---|---|
| Jesus Antonio VILLANUEVA-Gutierrez | Mexico |
| Jose Luis ESTRADA-Vasquez | Mexico |
| Adolfo VARGAS-Gutierrez | Mexico |

Further, complaint states that Jesus Antonio VILLANUEVA-Gutierrez, Jose Luis ESTRADA-Vasquez, and Adolfo VARGAS-Gutierrez, are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material; that is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to their criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

Executed on February 17, 2008 at 1030.

_____
Senior Border Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 2 page, I find Probable cause to believe that the defendant named in this probable cause statement committed the offense on February 16, 2008 in violation of Title 8, United States Code 1324.

_____
William McCurine, Jr.
United States Magistrate Judge

2/17/08
Date/Time