```
 1  MARILYN B. GUNNER, ESQ. SB# 149540
    P.O. Box 605
 2  La Mesa, Ca.  91944-0605
    Telephone:  (619) 461-8716
 3  Fax:        (619) 461-6795

 4  Attorney for Material Witnesses
```

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08cr0611 JM |
|---|---|---|
| | ) | Magistrate No:   08mj8148 PCL |
| Plaintiff, | ) | |
| | ) | REVISED |
| v. | ) | NOTICE OF MOTION; MOTION FOR |
| | ) | VIDEOTAPE DEPOSITION |
| SERGIO ANGEL DIAZ (1), | ) | AND RELEASE OF MATERIAL |
| JASMINE MARIE AYALA (2), | ) | WITNESSES |
| | ) | Hearing Date: April 1,2008 |
| Defendants. | ) | Time:   1:30 p.m. |
| | ) | Judge:  Lewis |

TO KAREN P. HEWITT, UNITED STATES ATTORNEY, ALESSANDRA P. SERANO, ASSISTANT UNITED STATES ATTORNEY, BRIAN J. WHITE, ATTORNEY FOR DEFENDANT SERGIO ANGEL DIAZ, and SHAUN KHOYAYAN, ATTORNEY FOR DEFENDANT JASMINE MARIE AYALA:

PLEASE TAKE NOTICE that on April 1, 2008 at 1:30 p.m., counsel will move this court for an order to take the deposition of Material Witnesses ADOLFO VARGAS-GUTIERREZ, ("MR. VARGAS"), JESUS ANTONIO VILLANUEVA-GUTIERREZ, (" MR. VILLANUEVA"), and JOSE LUIS ESTRADA-VASQUEZ ("MR. ESTRADA"), collectively the "Material Witnesses".

**MOTION**

The Material Witnesses, through their counsel, MARILYN B. GUNNER, and pursuant to Fed. R. Crim. P. Rule 15, 8 U.S.C. Section 1324 (d), 18 U.S.C. Section 3144, and 18 U.S.C. Section 3142, hereby move this court for an order to take their deposition by videotape.

In support of this request, the Material Witnesses submit the following Memorandum of Points and Authorities in Support of Motion for Videotape Deposition and Release of Material Witnesses, identified here as "Attachment A" and incorporated herein by reference, the records in the above-entitled case and all matters submitted to the court prior to the determination of this motion.

Dated: March 18, 2008      S/ MARILYN B. GUNNER
                           Attorney for Material Witnesses
                           E-MAIL: mgunnner@cox.net

US v. DIAZ, et.al.
08mj8148 PCL; 08cr0611 JM

ATTACHMENT A

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR VIDEOTAPE DEPOSITION AND RELEASE OF MATERIAL WITNESSES

## STATEMENT OF FACTS

The Material Witnesses were detained on February 16, 2008.  They were found inside a travel trailer driven by Defendant DIAZ, along with 10 others who were determined to be here illegally.  Defendant AYALA was a passenger in the trailer driven by DIAZ.

On March 4, 2008, both Defendants were Indicted on three counts of violation of Title 18, U.S.C. § 1324(a)(1)(A)(ii) and (v)(II) - Transportation of Illegal Aliens and Aiding and Abetting.

As of the date of this motion, none of these Material Witnesses have been able to find someone who will sign a bond on their behalf.  Ongoing efforts are being made to find sureties.  As of the date of this Motion, the Witnesses will have been in custody nearly 6 weeks.

MR. VARGAS has no prospects of obtaining a surety.  In Mexico, he supports his Mother who is ill.  He has equivalent to a 6th grade education, and was coming to the United States to work, in order to help support her.  Requiring him to stay in custody constitutes a severe economic and emotional hardship for him and his family.

MR. VILLANUEVA recently lost his Mother, and is working to support his elderly father in Mexico.  He has equivalent to a 9th grade education.  Requiring him to stay in custody also creates an economic and emotional hardship for his father, who depends on him.

MR. ESTRADA supports 3 children in Mexico, ages 11 months, 4 years and 6 years, and has equivalent of a 9th grade education.

1 Keeping him in custody while the case is pending constitutes severe
2 economic and emotional hardship for his children.
3    Besides the economic and emotional hardship, each Material
4 Witnesses' loss of freedom from being incarcerated, while not charged
5 with any crime, constitutes extraordinary circumstances which require
6 granting this Motion to achieve their release.

7 **THE TESTIMONY OF THE MATERIAL WITNESSES CAN BE SECURED BY VIDEOTAPE DEPOSITIONS AND THERE IS NO COMPELLING REASON TO KEEP THEM IN CUSTODY.**

9    Depositions of material witnesses may be used at trial in
10 criminal cases, so it is only in exceptional circumstances, where the
11 interests of justice will be denied, that a videotape deposition is
12 not appropriate. [See IIRIRA § 219 (admissibility of videotape
13 depositions); see also, United States v. King 552 F.2d 933 (9th Cir.
14 1976)(cert. denied, 430 U.S. 966).] The defendant, who is ordered to
15 be present with his counsel at the videotape depositions, has a full
16 and fair opportunity to cross-examine the witnesses.  The videotape
17 provides sufficient indicia of reliability to afford the trier of fact
18 a satisfactory basis for evaluating the truth of a statement. [Dutton
19 v. Evans, 400 U.S. 74,89 (1970).]

20    The burden is on the objecting party to show that the use of the
21 deposition testimony will deny the defendant a fair trial and that the
22 live testimony would somehow be significantly different then that
23 taken at the deposition. [United States v. Humberto Rivera, 859 F.2d
24 1294, 1208 (4th Cir. 1988).]

25    In Torres-Ruiz v. United States,  120 F.3d. 933,(9th Cir.
26 1997), the Ninth Circuit mandated the use of videotape depositions
27 when the Material Witnesses' testimony can be adequately secured by
28 deposition and further detention is not necessary to prevent the

failure of justice. (emphasis added; see 18 U.S.C. § 3144) In Torres-Ruiz, a routine alien smuggling case, the witnesses were sole support of their families in Mexico, and their continued incarceration constituted a hardship on them and their families in Mexico, who depended on them for support.  The Torres-Ruiz Court clarified that denial of a motion to videotape the witness' testimony is limited to situations in which a "failure of justice" would occur because the deposition would not serve as an adequate substitute for the witness' live testimony.

As of the date of this Motion, the Material Witnesses have been in custody almost two months, although not charged with a crime.  Continued incarceration constitutes severe economic and emotional hardship for them and their families who depend on them for financial support.  It is not necessary to continue to detain them, because no failure of justice would occur by videotaping their testimony.  Their testimony can be adequately secured by granting this Motion, and there has been no showing that the deposition testimony would be different from the live testimony. Further, they are subject to the subpoena power of this Court.

Therefore, it is requested the Court grant this Motion and order the videotape depositions of the Material Witnesses to occur forthwith.  The Material Witnesses also request the Court order their immediate release upon conclusion of the depositions.

DATED: March 18, 2008          S/ MARILYN B. GUNNER
                               Attorney for Material Witnesses,
                               E-MAIL: mgunner@cox.net