BRIAN J. WHITE  Bar No. 155198
Attorney at Law
4320 Iowa Street
San Diego, CA 92104
Telephone: (619) 280-8022
Facsimile: (619) 280-8023

Attorney for Defendant,
SERGIO ANGEL DIAZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. JEFFREY T. MILLER)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>SERGIO ANGEL DIAZ,<br><br>  Defendant. | Case No. 08 CR 0611<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO:<br>1) COMPEL DISCOVERY; AND<br>2) LEAVE TO FILE FURTHER MOTIONS<br><br>Date:  April 4, 2008<br>Time:  11:00 a.m. |

## I.
## STATEMENT OF FACTS

The following statement of facts is based, in part, on materials received from the government. The facts alleged in these motions are subject to amplification and/or modification at the time these motions are heard.

On February 16, 2008, Mr. Diaz and Jasmine Ayala were traveling westbound on Interstate 8, when they stopped at the border patrol checkpoint located 32 miles east of Calexico, California. Mr. Diaz was driving a GMC Sierra truck loaded with a quad and riding equipment that were used at the desert earlier that day. The truck was also pulling a travel trailer behind it. When he arrived

at the checkpoint he was questioned and a canine was utilized on the trailer. The canine alerted to the trailer, and Mr. Diaz was asked to open the trailer. He explained that he had borrowed the truck and trailer and, as such, he did not have a key to open the trailer. Agents inspected the trailer and discovered 13 people inside. They were interviewed and found to be citizens of Mexico. Mr. Diaz and Ms. Ayala were placed under arrest.

## II.

### THE COURT SHOULD COMPEL THE GOVERNMENT TO PRODUCE DISCOVERY

Mr. Diaz makes the following discovery motion pursuant to Rule 12(b)(4) and Rule 16. This request is not limited to those items that the prosecutor has actual knowledge of, but rather includes all discovery listed below that is "in the possession, custody, or control of any federal agency participating in the same investigation of the defendant." United States v. Bryan, 868 F.2d 1032, 1036 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

(1) Mr. Diaz's Statements. The government must disclose: (1) copies of any written or recorded statements made by Mr. Diaz; (2) copies of any written record containing the substance of any statements made by Mr. Diaz; and (3) the substance of any statements made by Mr. Diaz which the government intends to use, for any purpose, at trial. See Fed. R. Crim. P. 16(a)(1)(A).

(2) Mr. Diaz's Prior Record. Mr. Diaz requests disclosure of his prior record, if any exists. See Fed. R. Crim. P. 16(a)(1)(B).

(3) Documents and Tangible Objects. Mr. Diaz requests the opportunity to inspect, copy, and photograph all documents and tangible objects which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to him. See Fed. R. Crim. P. 16(a)(1)(C).

(4) Reports of Scientific Tests or Examinations. Mr. Diaz requests the reports of all tests and examinations which are material to the preparation of the defense or are intended for use by the government at trial. See Fed. R. Crim. P. 16(a)(1)(D). Mr. Diaz notes that no fingerprint analyses have been produced. If such analyses exist, Mr. Diaz requests a copy.

///

(5) <u>Expert Witnesses</u>. Mr. Diaz requests the name and qualifications of any person that the government intends to call as an expert witness. <u>See</u> Fed. R. Crim. P. 16(a)(1)(E). In addition, Mr. Diaz requests written summaries describing the basis and reasons for the expert's opinions. <u>See id.</u> This request specifically applies to any fingerprint and handwriting experts that the government intends to call.

(6) <u>Brady Material</u>. Mr. Diaz requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt or punishment. <u>See</u> <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

In addition, impeachment evidence falls within the definition of evidence favorable to the accused, and therefore Mr. Diaz requests disclosure of any impeachment evidence concerning any of the government's potential witnesses, including prior convictions and other evidence of criminal conduct. <u>See</u> <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976). In addition, Mr. Diaz requests any evidence tending to show that a prospective government witness: (i) is biased or prejudiced against the defendant; (ii) has a motive to falsify or distort his or her testimony; (iii) is unable to perceive, remember, communicate, or tell the truth; or (iv) has used narcotics or other controlled substances, or has been an alcoholic.

(7) <u>Request for Preservation of Evidence</u>. Mr. Diaz specifically requests the preservation of all physical or documentary evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case.

(8) <u>Any Proposed 404(b) Evidence</u>. "[U]pon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Rule 404(b). Fed. R. Evid. 404(b). Mr. Diaz requests such notice three weeks before trial in order to allow for adequate trial preparation.

(9) <u>Witness Addresses</u>. Mr. Diaz requests the name and last known address of each prospective government witness. He also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness.

(10) <u>Jencks Act Material</u>. Mr. Diaz requests production in advance of trial of all material discoverable pursuant to the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid needless delays at pretrial hearings and at trial. This request includes any "rough" notes taken by the agents in this case; these notes must be produced pursuant to 18 U.S.C. § 3500(e)(1). This request also includes production of transcripts of the testimony of any witness before the grand jury. <u>See</u> 18 U.S.C. § 3500(e)(3).

(11) <u>Residual Request</u>. Mr. Diaz intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Diaz requests that the government provide him and his attorney with the above-requested material sufficiently in advance of trial.

### III.

### THE COURT SHOULD GRANT LEAVE TO FILE FURTHER MOTIONS

At the time of the filing of these motions, the government has provided some discovery to the defense. However, the defense is unable to evaluate the status of the evidence and any other further motions that may be necessitated by virtue of the discovery that will be produced. Therefore, Mr. Diaz respectfully requests the court to grant him leave to file additional motions as necessary.

### IV.

### CONCLUSION

For the foregoing reasons, Mr. Diaz respectfully requests that the Court grant his motions.

Respectfully submitted,

Dated: March 18, 2008

/s/ Brian J. White
BRIAN J. WHITE Attorney for
Defendant SERGIO ANGEL DIAZ