1  KAREN P. HEWITT
   United States Attorney
2  ALESSANDRA P. SERANO
   Assistant United States Attorney
3  California State Bar No. 204796
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7084/(619) 557-7381 (Fax)
   Email: alessandra.p.serano@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10 UNITED STATES OF AMERICA,        ) Criminal Case No. 08CR0611-JM
                                    )
11            Plaintiff,            ) Date:      March 17, 2008
                                    ) Time:      2:00 p.m.
12            v.                    )
                                    ) GOVERNMENT'S RESPONSE AND
13 SERGIO ANGEL DIAZ (1),           ) OPPOSITION TO DEFENDANT'S
   JASMINE MARIE AYALA (2)          ) MOTIONS TO:
14            Defendants.           )
                                    ) (1)  COMPEL DISCOVERY; AND
15                                  ) (2)  FILE FURTHER MOTIONS
                                    )
16                                  )
                                    ) TOGETHER WITH STATEMENT OF
17                                  ) FACTS, MEMORANDUM OF POINTS
                                    ) AND AUTHORITIES AND MOTION
18                                  ) FOR RECIPROCAL DISCOVERY
                                    )
19                                  )
   _____ )
20

21        COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel

22 KAREN P. HEWITT, United States Attorney, and ALESSANDRA P. SERANO, Assistant U.S.

23 Attorney, and hereby files its Response and Opposition to the motions filed on behalf of defendants

24 Sergio Angel Diaz and Jasmine Marie Ayala  which is based upon the files and records of this case.

25 //

26 //

27 //

28

## I

### STATEMENT OF THE CASE

On March 4, 2008, a federal grand jury for the Southern District of California returned a three-count Indictment, charging both defendants with transportation of illegal aliens, in violation of 8 U.S.C. §§ 1324(a0(1)(A)(ii) and (v)(II).

## II

### STATEMENT OF FACTS

#### A.    THE OFFENSE

On February 16, 2008, at approximately 7:45 p.m., Defendant Diaz was driving a gray GMC K1500 Sierra truck with California license plate number 8E60322 into the checkpoint located on westbound I-8 approximately 32 miles east of Calexico, California. Defendant Ayala was the front seat passenger. Upon entering the checkpoint, Diaz identified himself as a United States citizen. Agent Valdez advised Diaz that a dog alerted to the trailer which Diaz was towing. Diaz stated that nothing was inside the trailer except for some ATV equipment.

Another agent looked inside the trailer through a window and noticed condensation had built up on the window. Agents then opened an unlocked window and observed 8 people laying down inside the trailer. Agents opened the door of the trailer and observed a total of 13 people inside.

All 13 people stated they were citizens of Mexico with no legal right to be in the United States. Both defendants were arrested.

#### D.    DEFENDANTS' STATEMENTS

Both defendant were advised of their Miranda rights in English by Agent Atiles and witnessed by Agent Rivera. Both interviews were recorded. Both defendants acknowledged those rights and agreed to speak to agents.

##### 1.    Defendant Diaz

Diaz stated in summary that he drove to the Imperial San Dunes park early in the morning from Turlock, California with Defendant Ayala driving a Dodge Ram truck. He stated he rode ATVs all day and then went to Mexico to eat and returned. His friend, "Petey", arranged for him

1    to drive the gray GMC truck while Petey drove the Dodge Ram back.  He stated all his friends left

2    the Dunes at different times.  He does not know Petey's last name or where he lives in Turlock,

3    California.  He denied knowledge of the presence of aliens in the vehicle.

4                                  2.      Defendant Ayala

5           Ayala claimed she drove with another female friend and Diaz in the gray GMC truck from

6    Turlock to the Dunes early that morning.  She further stated that she and her friend went to Mexico

7    to eat, but Diaz did not go with them.  When she returned, she was instructed by Diaz to ride with

8    him while her friend would ride in a different vehicle back to Turlock.  She stated that the vehicle

9    did not stop between the Dunes and the checkpoint and that she noticed Diaz showing signs of

10   nervousness upon entering the checkpoint.  She asked him what was in the trailer to which he

11   responded "it has nothing to do with you."  She denied knowledge of the presence of aliens in the

12   trailer.

13                                          III

14            **UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES**

15   **A.      THE MOTION TO COMPEL DISCOVERY SHOULD BE DENIED**

16          The Government intends to fully comply with its discovery obligations under Brady v.

17   Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. § 3500), and Rule 16 of the Federal

18   Rules of Criminal Procedure.  The Government anticipates that most discovery issues can be

19   resolved amicably and informally, and has addressed Defendant's specific requests below.

20          **(1)      The Defendant's Statements**

21          The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to

22   provide to Defendants the substance of Defendant's oral statements and Defendants' written

23   statements.  The Government has produced all of Defendant's written statements that are known

24   to the undersigned Assistant U.S. Attorney at this date and has also produced all available

25   videotapes and/or audiotapes.  If the Government discovers additional oral or written statements

26   that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be

27   provided to Defendant.

28

1    The Government has no objection to the preservation of the handwritten notes taken by any

2    of the Government's agents and officers.  See United States v. Harris, 543 F.2d 1247, 1253 (9th

3    Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective

4    government witnesses).  However, the Government objects to providing Defendant with a copy

5    of any rough notes at this time.  Rule 16(a)(1)(A) does not require disclosure of the rough notes

6    where the content of those notes have been accurately reflected in a type-written report.  See

7    United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573,

8    583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where

9    there are "minor discrepancies" between the notes and a report).  The Government is not required

10   to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements"

11   (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim

12   narrative of a witness' assertion, and (2) have been approved or adopted by the witness.  United

13   States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980).  The rough notes in this case do not

14   constitute "statements" in accordance with the Jencks Act.  See United States v. Ramirez, 954 F.2d

15   1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes

16   were scattered and all the information contained in the notes was available in other forms).  The

17   notes are not Brady material because the notes do not present any material exculpatory

18   information, or any evidence favorable to Defendant that is material to guilt or punishment.

19   Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither

20   favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos,

21   27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence

22   was insufficient).  If, during a future evidentiary hearing, certain rough notes become discoverable

23   under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Defendant.

24              **(2)      Arrest Reports, Notes and Dispatch Tapes**

25   The United States has provided the Defendant with arrest reports. As noted previously,

26   agent rough notes, if any exist, will be preserved, but they will not be produced as part of Rule 16

27   discovery.

28

1    (3)    **Brady Material**

2    Again, the United States is well aware of and will continue to perform its duty under <u>Brady</u>

3    <u>v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976), to disclose

4    exculpatory evidence within its possession that is material to the issue of guilt or punishment.

5    Defendant, however, is not entitled to all evidence known or believed to exist which is, or may be,

6    favorable to the accused, or which pertains to the credibility of the United States' case. As stated

7    in <u>United States v. Gardner</u>, 611 F.2d 770 (9th Cir. 1980), it must be noted that "the prosecution

8    does not have a constitutional duty to disclose every bit of information that might affect the jury's

9    decision; it need only disclose information favorable to the defense that meets the appropriate

10    standard of materiality." <u>Id.</u> at 774-775 (citation omitted).

11    The United States will turn over evidence within its possession which could be used to

12    properly impeach a witness who has been called to testify.

13    Although the United States will provide conviction records, if any, which could be used

14    to impeach a witness, the United States is under no obligation to turn over the criminal records of

15    all witnesses. <u>United States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976). When disclosing such

16    information, disclosure need only extend to witnesses the United States intends to call in its case-

17    in-chief. <u>United States v. Gering</u>, 716 F.2d 615, 621 (9th Cir. 1983); <u>United States v. Angelini</u>,

18    607 F.2d 1305, 1309 (9th Cir. 1979).

19    Finally, the United States will continue to comply with its obligations pursuant to

20    <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

21    (4)    **Sentencing Information**

22    Defendant claims that the United States must disclose any information affecting

23    Defendant's sentencing guidelines because such information is discoverable under <u>Brady v.</u>

24    <u>Maryland</u>, 373 U.S. 83 (1963). The United States respectfully contends that it has no such

25    disclosure obligation under <u>Brady</u>.

26    The United States is not obligated under <u>Brady</u> to furnish a defendant with information

27    which he already knows. <u>United States v. Taylor</u>, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986). <u>Brady</u>

28    is a rule of disclosure, and therefore, there can be no violation of <u>Brady</u> if the evidence is already

1    known to the defendant.  In such case, the United States has not suppressed the evidence and

2    consequently has no <u>Brady</u> obligation.  <u>See</u> <u>United States v. Gaggi</u>, 811 F.2d 47, 59 (2d Cir. 1987).

3    But even assuming Defendant does not already possess the information about factors which

4    might affect his guideline range, the United States would not be required to provide information

5    bearing on Defendant's mitigation of punishment until after Defendant's conviction or plea of

6    guilty and prior to his sentencing date.  <u>See</u> <u>United States v. Juvenile Male</u>, 864 F.2d 641, 647 (9th

7    Cir. 1988) ("No [<u>Brady</u>] violation occurs if the evidence is disclosed to the defendant at a time

8    when the disclosure remains in value.").  Accordingly, Defendant's demand for this information

9    is premature.

10    **(5)    Defendant's Prior Record.**

11    The United States has already provided Defendant with a copy of his criminal record in

12    accordance with Federal Rule of Criminal Procedure 16(a)(1)(B).

13    **(6)    Proposed 404(b) Evidence and 609 Evidence**

14    Should the United States seek to introduce any similar act evidence pursuant to Federal

15    Rules of Evidence 404(b) or 609, the United States will provide Defendant with notice of its

16    proposed use of such evidence and information about such other acts at the time the United States'

17    trial memorandum is filed.

18    **(7)    Evidence Seized**

19    The United States has complied and will continue to comply with Rule 16(a)(1)(c) in

20    allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical

21    evidence which is within the possession, custody or control of the United States, and which is

22    material to the preparation of Defendant's defense or are intended for use by the United States as

23    evidence in chief at trial, or were obtained from or belong to Defendant, including photographs.

24    The United States, however, need not produce rebuttal evidence in advance of trial.  <u>United</u>

25    <u>States v. Givens</u>, 767 F.2d 574, 584 (9th Cir. 1984), <u>cert. denied</u>, 474 U.S. 953 (1985).

26    **(8)    Tangible Objects**

27    The Government has complied and will continue to comply with Rule 16(a)(1)(E) in

28    allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all

1    tangible objects seized that is within its possession, custody, or control, and that is either material

2    to the preparation of Defendant's defense, or is intended for use by the Government as evidence

3    during its case-in-chief at trial, or was obtained from or belongs to Defendant.   The Government

4    need not, however, produce rebuttal evidence in advance of trial.  United States v. Givens, 767

5    F.2d 574, 584 (9th Cir. 1984).

6              **(9)      Evidence of Bias or Motive to Lie**

7              The United States is unaware of any evidence indicating that a prospective witness is biased

8    or prejudiced against Defendant.   The United States is also unaware of any evidence that

9    prospective witnesses have a motive to falsify or distort testimony.

10             **(10)     Impeachment Evidence**

11             As stated previously, the United States will turn over evidence within its possession which

12   could be used to properly impeach a witness who has been called to testify.

13             **(11)     Criminal Investigation of Government Witness**

14             Defendants are not entitled to any evidence that a prospective witness is under criminal

15   investigation by federal, state, or local authorities.  "[T]he criminal records of such [Government]

16   witnesses are not discoverable." United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976);

17   United States v. Riley, 657 F.2d 1377, 1389 (8th Cir. 1981) (holding that since criminal records

18   of prosecution witnesses are not discoverable under Rule 16, rap sheets are not either); cf. United

19   States v. Rinn, 586 F.2d 113, 118-19 (9th Cir. 1978) (noting in dicta that "[i]t has been said that

20   the Government has no discovery obligation under Fed. R. Crim. P. 16(a)(1)© to supply a

21   defendant with the criminal records of the Government's intended witnesses.") (citing Taylor, 542

22   F.2d at 1026).

23             The Government will, however, provide the conviction record, if any, which could be used

24   to impeach witnesses the Government intends to call in its case-in-chief.  When disclosing such

25   information, disclosure need only extend to witnesses the United States intends to call in its case-

26   in-chief.  United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini,

27   607 F.2d 1305, 1309 (9th Cir. 1979).

28

1    **(12)    Evidence Affecting Perception, Recollection, Communication or Truth-Telling**

2         The United States is unaware of any evidence indicating that a prospective witness has a

3    problem with perception, recollection, communication, or truth-telling.

4    **(13)    Witness Addresses**

5         The Government has already provided Defendant with the reports containing the names of

6    the agents involved in the apprehension and interviews of Defendant. A defendant in a non-capital

7    case, however, has no right to discover the identity of prospective Government witnesses prior to

8    trial. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977); United States v. Dishner, 974 F.2d

9    1502, 1522 (9th Cir 1992) (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985)); United

10   States v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996). Nevertheless, in its trial memorandum, the

11   Government will provide Defendant with a list of all witnesses whom it intends to call in its case-

12   in-chief, although delivery of such a witness list is not required. See United States v. Discher, 960

13   F.2d 870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987). The

14   Government is not aware of any "tips" provided by anonymous or identified persons that resulted

15   in Defendant's arrest.

16        The Government objects to Defendant's request that the Government provide a list of every

17   witness to the crimes charged who will not be called as a Government witness. "There is no

18   statutory basis for granting such broad requests," and a request for the names and addresses of

19   witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)©." United

20   States v. Hsin-Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F.

21   Supp. 444, 502 (D. Del. 1980)). The Government is not required to produce all possible

22   information and evidence regarding any speculative defense claimed by Defendant. Wood v.

23   Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam) (holding that inadmissible materials that are not

24   likely to lead to the discovery of admissible exculpatory evidence are not subject to disclosure

25   under Brady).

26   **(14)    Witnesses Favorable to the Defendant**

27        As stated earlier, the Government will continue to comply with its obligations under Brady

28   and its progeny. Other than the material witness in this case, the Government is not aware of any

1  witnesses who have made an "arguably favorable statement concerning the defendant or who could

2  not identify him or who w[ere] unsure of his identity, or participation in the crime charged."

3       **(15)**   **Statements Relevant to the Defense**

4       To reiterate, the United States will comply with all of its discovery obligations.  However,

5  "the prosecution does not have a constitutional duty to disclose every bit of information that might

6  affect the jury's decision; it need only disclose information favorable to the defense that meets the

7  appropriate standard of materiality."  <u>Gardner</u>, 611 F.2d at 774-775 (citation omitted).  Further,

8  Defendant is not entitled to the Grand Jury transcripts.

9       **(16)**   **Jencks Act Material**

10       The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government witness has testified

11  on direct examination, the Government must give the Defendant any "statement" (as defined by

12  the Jencks Act) in the Government's possession that was made by the witness relating to the

13  subject matter to which the witness testified. 18 U.S.C. § 3500(b).  A "statement" under the Jencks

14  Act is (1) a written statement made by the witness and signed or otherwise adopted or approved

15  by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's

16  oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e).  If notes

17  are read back to a witness to see whether or not the government agent correctly understood what

18  the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks

19  Act. <u>United States v. Boshell</u>, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing <u>Goldberg v. United</u>

20  <u>States</u>, 425 U.S. 94, 98 (1976)).  While the Government is only required to produce all Jencks Act

21  material <u>after</u> the witness testifies, the Government plans to provide most (if not all) Jencks Act

22  material well in advance of trial to avoid any needless delays.

23       **(17)**   **Giglio Information**

24       As stated previously, the United States will comply with its obligations pursuant to <u>Brady</u>

25  <u>v. Maryland</u>, 373 U.S.  83 (1963), the Jencks Act, <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir.

26  1991), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

27

28

1    **(18)    Agreements Between the Government and Witnesses**

2    The Government has not made or attempted to make any agreements with prospective

3    Government witnesses for any type of compensation for their cooperation or testimony.

4    **(19)    Informants and Cooperating Witnesses**

5    The Government must generally disclose the identity of informants where (1) the informant

6    is a material witness, or (2) the informant's testimony is crucial to the defense. Roviaro v. United

7    States, 353 U.S. 53, 59 (1957). If there is a confidential informant involved in this case, the Court

8    may, in some circumstances, be required to conduct an in-chambers inspection to determine

9    whether disclosure of the informant's identity is required under Roviaro.   See United States v.

10   Ramirez-Rangel, 103 F.3d 1501, 1508 (9th Cir. 1997). If the Government determines that there

11   is a confidential informant who is a material witness in this case, the Government will either

12   disclose the identity of the informant or submit the informant's identity to the Court for an in-

13   chambers inspection.

14   **(20)    Bias by Informants or Cooperating Witnesses**

15   As stated above, the United States is unaware of any evidence indicating that a prospective

16   witness is biased or prejudiced against Defendant. The United States is also unaware of any

17   evidence that prospective witnesses have a motive to falsify or distort testimony.

18   **(21)    Law Enforcement Personnel Files**

19   The United States will continue to comply with its obligations pursuant to United States

20   v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

21   **(22)    Expert Summaries**

22   The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written

23   summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705

24   of the Federal Rules of Evidence during its case-in-chief at trial. This summary shall include the

25   expert witnesses' qualifications, the expert witnesses opinions, the bases, and reasons for those

26   opinions.

27   **(23)    Law Enforcement Training Records, Performance Goals and Policy Awards**

28

08CR0611-JM

1    Defendant makes a blanket request for all law enforcement training manuals, instructions

2    and information regarding policy goals and awards relating to the detection of contraband.

3    Defendant provides no authority for this request, nor does Defendant articulate any basis for the

4    discovery of this information.  The Government opposes this request.

5    **(25)    Residual Request**

6    The Government has already complied with Defendant's request for prompt compliance

7    with its discovery obligations.  The Government will comply with all of its discovery obligations,

8    but objects to the broad and unspecified nature of Defendant's residual discovery request.

9    **(26)    Grand Jury Transcripts**

10    Defendant has not demonstrated a particularized need for the Grand Jury transcripts.  The

11    Government will provided Defendant with any prior statements of witnesses that it intends to call

12    at trial.

13    **(27)    Preservation of Evidence**

14    The United States will preserve all evidence to which Defendant is entitled pursuant to the

15    relevant discovery rules.  However, the United States objects to Defendant's blanket request to

16    preserve all physical evidence.

17    The United States has complied and will continue to comply with Rule 16(a)(1)(C) in

18    allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical

19    evidence which is within his possession, custody or control of the United States, and which is

20    material to the preparation of Defendant's defense or are intended for use by the United States as

21    evidence in chief at trial, or were obtained from or belong to Defendant, including photographs.

22    The United States has made the evidence available to Defendant and Defendant's investigators and

23    will comply with any request for inspection.

24    Again, the United States will continue to comply with its obligations pursuant to

25    United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

26    **B.    PRESERVE AND INSPECT EVIDENCE**

27    The Government does not oppose Defendant's motion to inspect and photograph evidence

28    seized.  The Government will make the vehicle available at a time convenient to the Government.

1   Moreover, the Government will allow Defendant to view and photograph the physical evidence

2   seized from the vehicle.

3   **C.      LEAVE TO FILE FURTHER MOTIONS**

4          The Government does not oppose this motion, as long as future motions are based upon

5   evidence or information not now available.

6                                    **III**

7                        **UNITED STATES' MOTIONS**

8   **A.      Government's Motion for Reciprocal Discovery**

9          **1.      Rule 16(b)**

10         Defendant has invoked Federal Rule of Criminal Procedure 16(a) in his motion for

11  discovery and the Government has already voluntarily complied with the requirements of

12  Federal Rule of Criminal Procedure 16(a).  Therefore, Rule 16(b) should presently be

13  determined to be operable as to Defendant.

14         The Government, pursuant to Rule 16(b), hereby requests that Defendant permit the

15  Government to inspect, copy, and photograph any and all books, papers, documents,

16  photographs, tangible objects, or make copies of portions thereof, which are within the

17  possession, custody, or control of Defendant and which she intends to introduce as evidence in

18  her case-in-chief at trial.  The Government further requests that it be permitted to inspect and

19  copy or photograph any results or reports of physical or mental examinations and of scientific

20  tests or experiments made in connection with this case, which are in the possession or control

21  of Defendant, which she intends to introduce as evidence-in-chief at the trial or which were

22  prepared by a witness whom Defendant intends to call as a witness.  The Government also

23  requests that the Court make such orders as it deems necessary under Rule 16(d)(l) and (2) to

24  insure that the Government receives the discovery to which it is entitled.

25         **2.      Rule 26.2**

26         Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of

27  all witnesses, except any statement of Defendant.  The rule provides for the reciprocal

28  production of Jencks statements.  The time frame established by the rule requires the statement

1    to be provided after the witness has testified, as in the Jencks Act.  Therefore, the Government

2    hereby requests that Defendant be ordered to supply all prior statements of defense witnesses

3    by a reasonable date before trial to be set by the Court.  This order should include any form

4    these statements are memorialized in, including, but not limited to, tape recordings,

5    handwritten or typed notes, and/or reports.

6

7                              **IV**

8                     **CONCLUSION**

9        For the above stated reasons, the Government respectfully requests that Defendant's

10    motions be denied, and the Court grant the United States' motion.

11        DATED:       March 21, 2008.

12                                  Respectfully Submitted,

13                                  KAREN P. HEWITT
                                   United States Attorney

14

15                                  s/Alessandra P. Serano
                                 ALESSANDRA P. SERANO

16                                  Assistant United States Attorney

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR0611-JM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| SERGIO ANGEL DIAZ, | ) | |
| JASMINE MARIE AYALA | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

    I, ALESSANDRA P. SERANO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of United States' Response and Opposition to Defendant's Motions and the Government's Motion for Reciprocal Discovery on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    Brian J. White, Esq.
    Shaun Khojayan, Esq.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on March 21, 2008.

                s/Alessandra P. Serano
                ALESSANDRA P. SERANO