BRIAN J. WHITE  Bar No. 155198
Attorney at Law
4320 Iowa Street
San Diego, CA 92104
Telephone: (619) 280-8022
Facsimile: (619) 280-8023

Attorney for Defendant,
SERGIO ANGEL DIAZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. JEFFREY T. MILLER )

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SERGIO ANGEL DIAZ,<br><br>Defendant. | Case No. 08 CR 0611<br><br>NOTICE OF MOTIONS AND MOTION TO:<br><br>1) SUPPRESS DEFENDANT'S STATEMENTS<br>2) COMPEL DISCOVERY RELATED TO CANINE TRAINING<br><br>Date:  April 4, 2008<br>Time:  11:00 a.m. |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY, AND TO ALESSANDRA P. SERANO, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on April 4, 2008, at 11:000 a.m., or as soon thereafter as counsel may be heard, the defendant, Sergio Diaz, by and through his counsel, Brian J. White, will ask this Court to enter an order granting the motions listed below.

//
//
//
//

Motion to Suppress Defendant's Statements

**STATEMENT OF THE FACTS**

On February 16, 2008, Sergio Diaz and Jasmine Ayala were traveling westbound on Interstate 8, when they stopped at the border patrol checkpoint located 32 miles east of Calexico, California. Diaz was driving a GMC Sierra truck loaded with an off road vehicle. The truck was also pulling a travel trailer. A Border Patrol agent questioned Diaz and ultimately used a dog to sniff the vehicle. The canine alerted to the trailer, and Diaz was asked to open it. Diaz explained that he had borrowed the truck and trailer and, as such, he did not have a key to open the trailer. Agents were eventually able to open the trailer and discovered 13 people inside. Those individuals were citizens of Mexico and had no legal right to be in the United States. Diaz and Ayala were placed under arrest at 8:10 p.m.

Diaz was taken in to custody and escorted to the security office. He sat there, handcuffed, until he was interrogated some found and a half hours after his arrest.

**MOTIONS**

**I.**

**MOTION TO SUPPRESS SERGIO DIAZ'S STATEMENTS**

**A.     Diaz's Statements Were Not Made Voluntarily And Should Therefore be Suppressed.**

Miranda v. Arizona, 384 U.S. 436 (1966), prohibits "custodial interrogation" unless the government first gives warnings to the suspect. However, not every question asked in a custodial setting constitutes "interrogation." United States v. Booth, 669 F.2d 1231, 1237 (9th Cir. 1981). The test is whether "under all of the circumstances involved in a given case, the questions are "reasonably likely to elicit an incriminating response from the suspect." Id. (quoting Rhode Island v. Innis, 446 U.S. 291, 301, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980).

The government must also establish by a preponderance of evidence that any statement by Diaz was made voluntarily. See Lego v. Twomey, 404 U.S. 477 (1972). A confession admitted in violation of Miranda violates a defendant's Fifth Amendment right against self-incrimination and his Sixth Amendment right to counsel; a coerced confession also violates a defendant's right

to due process of law. Jackson v. Denno, 378 U.S. 368, 376 (1964); see Mincey v. Arizona, 437 U.S. 385, 396-02 (1978) (Miranda-violative statements admissible for impeachment, but truly involuntary ones inadmissible for all purposes).

A voluntary statement is one which is the product of "rational intellect" and "free will." Blackburn v. Alabama, 361 U.S. 199, 208 (1960). No one factor is determinative. Rather, this court must look to the "totality of all of the surrounding circumstances." Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973). Among the many factors the court can weigh are the age of the accused, his education and intelligence, advice as to constitutional rights, length of detention, repeated and prolonged nature of the questioning and use of physical punishments. Id. (citations omitted). Statements are deemed involuntary whether they are coerced by physical intimidation or psychological pressure. See Townsend v. Sain, 372 U.S. 293 (1963).

An involuntary statement violates due process and its admission into evidence mandates the vacating of any conviction even though other evidence in the case would have been sufficient to convict. Jackson v. Dunno, 378 U.S. at 376. The burden rests with the government to prove voluntariness by a preponderance of the evidence. Lego v. Twomey, 404 U.S. at 489.

Diaz's statements were made involuntary. Diaz was stopped and detained at the border checkpoint on I-8 at 8:10 p.m. He was handcuffed and transported to a holding cell, where he was make to wait for hours before he was interrogated. During that time, Diaz was isolated in a holding cell and denied food and drink. Diaz was also extremely tired, as he had slept only a mere two hours the evening before his arrest.

In addition to his physical discomfort, Diaz was intimidated by the physical environment of the interrogation room. The windows were covered with cardboard, preventing anyone from looking in. The fact that he was alone with agents in an interrogation room where no one could see what was happening made Diaz extremely uncomfortable. Under these circumstances, Diaz felt pressured into talking with the agents. Despite having been given a Miranda warning, Diaz felt that he in fact had no choice but to talk to the agents.

Based on the circumstances of this case and upon the well-established law in this area, all statements that Diaz made to agents at the time of the investigation must be suppressed unless

the government can prove they were voluntarily made. Because Diaz has specifically placed in issue the voluntariness of his statements, both the Constitution, Jackson v. Denno, 378 U.S. at 376; United States v. Batiste, 868 F.2d 1089, 1092 n.5 (9th Cir. 1989), and 18 U.S.C. §3501 require a hearing on the question, at which time the burden of proof will rest on the government to prove that Diaz's statements were voluntarily made. Lego v. Twomey, supra.

## II.

## MOTION TO COMPEL DISCOVERY REGARDING TRAINING OF CANINE

Presumably the government will rely on the canine's alert to the vehicle for Diaz's detention and probable cause to search the trailer involved. Diaz seeks to challenge the reliability of the canine and thus requests discovery consistent with United States v. Cedano-Arellano, 332 F. 3d 568, 571 (9th Cir. 2003). There, the court ruled that discovery related to a canine's training and certification records is discoverable under Federal Rule of Criminal Procedure 16. The discovery includes discovery on the canine's training, maintenance, and experience.

## III.

## CONCLUSION

For the foregoing reasons, Mr. Diaz respectfully requests that the Court grant his motions.

Respectfully Submitted

Dated: March 24, 2008        /s/ Brian J. White
                             BRIAN J. WHITE, Attorney for
                             SERGIO ANGEL DIAZ