KAREN P. HEWITT
United States Attorney
ALESSANDRA P. SERANO
Assistant United States Attorney
California State Bar No. 204796
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7084/(619) 557-7381 (Fax)
Email: alessandra.p.serano@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SERGIO ANGEL DIAZ (1),<br><br>Defendant. | Criminal Case No. 08CR0611-JM<br><br>Date: April 4, 2008<br>Time: 11:00 a.m.<br><br>GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:<br><br>(1) SUPPRESS STATEMENTS; AND<br>(2) COMPEL DOG DISCOVERY<br><br>TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel KAREN P. HEWITT, United States Attorney, and ALESSANDRA P. SERANO, Assistant U.S. Attorney, and hereby files its Response and Opposition to the motions filed on behalf of defendant Sergio Angel Diaz which is based upon the files and records of this case.

//

//

//

# I

## STATEMENT OF THE CASE

On March 4, 2008, a federal grand jury for the Southern District of California returned a three-count Indictment, charging both defendants with transportation of illegal aliens, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(II).

# II

## STATEMENT OF FACTS

### A. THE OFFENSE

On February 16, 2008, at approximately 7:45 p.m., Defendant Diaz was driving a gray GMC K1500 Sierra truck with California license plate number 8E60322 which entered into the fixed Border Patrol checkpoint located on westbound I-8 approximately 32 miles east of Calexico, California. Defendant Ayala was the front seat passenger. Upon entering the checkpoint, Diaz identified himself as a United States citizen after being asked as to his immigration status. Agent Valdez advised Diaz that a dog alerted to the trailer which Diaz was towing. Diaz stated that nothing was inside the trailer except for some ATV equipment. Diaz consented to search the vehicle, but did not have the keys to unlock the trailer. Defendant later permitted agents to enter the trailer including by breaking the lock.

At secondary inspection, another agent noticed condensation on the inside of the window of the trailer. Agents asked Diaz again if there was anyone inside the trailer, to whcih he replied no. Agents asked if the air conditioning or heater had been left on in the trailer. Diaz said he didn't know. Agents then opened an unlocked window and observed 8 people laying down inside the trailer. Agents opened the door of the trailer and observed a total of 13 people inside.

All 13 people stated they were citizens of Mexico with no legal right to be in the United States. Both defendants were arrested.

### D. DEFENDANTS' STATEMENTS

Both defendant were advised of their Miranda rights in English by Agent Atiles and witnessed by Agent Rivera. Both interviews were recorded. Both defendants acknowledged those rights and agreed to speak to agents.

1. Defendant Diaz

Diaz stated in summary that he drove to the Imperial San Dunes park early in the morning from Turlock, California with Defendant Ayala driving a Dodge Ram truck. He stated he rode ATVs all day and then went to Mexico to eat and returned. His friend, "Petey", arranged for him to drive the gray GMC truck while Petey drove the Dodge Ram back. He stated all his friends left the Dunes at different times. He does not know Petey's last name or where he lives in Turlock, California. He denied knowledge of the presence of aliens in the vehicle.

2. Defendant Ayala

Ayala claimed she drove with another female friend and Diaz in the gray GMC truck from Turlock to the Dunes early that morning. She further stated that she and her friend went to Mexico to eat, but Diaz did not go with them. When she returned, she was instructed by Diaz to ride with him while her friend would ride in a different vehicle back to Turlock. She stated that the vehicle did not stop between the Dunes and the checkpoint and that she noticed Diaz showing signs of nervousness upon entering the checkpoint. She asked him what was in the trailer to which he responded "it has nothing to do with you." She denied knowledge of the presence of aliens in the trailer.

**III**

**UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES**

**A. THE MOTION TO SUPPRESS STATEMENTS SHOULD BE DENIED**

Defendant contends that all of his statements should be suppressed due to Miranda violations. Defendant statements should be admitted into evidence, without a hearing, as there is nothing to indicate any violation of Defendant's rights.

**1. Post-Miranda Statements**

After his arrest, Defendant was advised of his Miranda rights. Defendant waived those rights, and agreed to questioning. Defendant made several statements concerning his whereabouts and travel. The requirements of Miranda were satisfied and all of Defendant's statements are admissible against him.

**a. Standards Governing Admissibility of Statements**

A statement made in response to custodial interrogation is admissible under Miranda v. Arizona, 384 U.S. 437 (1966) and 18 U.S.C. § 3501 if a preponderance of the evidence indicates that the statement was made after an advisement of rights, and was not elicited by improper coercion. See Colorado v. Connelly, 479 U.S. 157, 167-70 (1986) (preponderance of evidence standard governs voluntariness and Miranda determinations; valid waiver of Miranda rights should be found in the "absence of police overreaching"). Although the totality of circumstances, including characteristics of the defendant and details of the interview, should be considered, improper coercive activity must occur for suppression of any statement. See id. (noting that "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary'"); cf. Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973) ("Some of the factors taken into account have included the youth of the accused; his lack of education, or his low intelligence; the lack of any advice to the accused of his constitutional rights; the length of detention; the repeated and prolonged nature of the questioning; and the use of physical punishment such as the deprivation of food or sleep.") (citations omitted). While it is possible for a defendant to be in such a poor mental or physical condition that they cannot rationally waive their rights (and misconduct can be inferred based on police knowledge of such condition, Connelly, 479 U.S. at 167-68), the condition must be so severe that the defendant was rendered utterly incapable of rational choice. See United States v. Kelley, 953 F.2d 562, 564 (9th Cir.1992) (collecting cases rejecting claims of physical/mental impairment as insufficient to prevent exercise of rational choice).

**b. Standards Governing Grant or Denial of Evidentiary Hearing**

Under Ninth Circuit and Southern District precedent, as well as Southern District Local Criminal Rule 47.1(g)(1)-(4), a defendant is entitled to an evidentiary hearing on a motion to suppress only when the defendant adduces specific facts sufficient to require the granting of the defendant's motion. See United States v. Batiste, 868 F.2d 1089, 1093 (9th Cir. 1989) (where "defendant, in his motion to suppress, failed to dispute any material fact in the government's proffer, . . . . the district court was not required to hold an evidentiary hearing"); United States v. Moran-Garcia, 783 F. Supp. 1266, 1274 (S.D. Cal. 1991) (boilerplate motion containing indefinite

and unsworn allegations was insufficient to require evidentiary hearing on defendant's motion to suppress statements); Crim. L.R. 47.1. The local rule further provides that "the Court need not grant an evidentiary hearing where either party fails to properly support its motion for opposition."

No rights are infringed by the requirement of such a declaration. Requiring a declaration from a defendant in no way compromises defendant's constitutional rights, as declarations in support of a motion to suppress cannot be used by the United States at trial over a defendant's objection. See Batiste, 868 F.2d at 1092 (proper to require declaration in support of Fourth Amendment motion to suppress ); Moran-Garcia, 783 F. Supp. at 1271-74 (extending Batiste to Fifth Amendment motion to suppress). Moreover, Defendant has as much information as the Government in regards to the statements he made. See Batiste, 868 F.2d at 1092. At least in the context of motions to suppress statements, which require police misconduct incurred by Defendant while in custody, Defendant certainly should be able to provide the facts supporting the claim of misconduct. Finally, any objection that 18 U.S.C. § 3501 requires an evidentiary hearing in every case is of no merit. Section 3501 requires only that the Court make a pretrial determination of voluntariness "out of the presence of the jury." Nothing in section 3501 betrays any intent by Congress to alter the longstanding rule vesting the form of proof on matters for the court in the discretion of the court. Batiste, 868 F.2d at 1092 ("Whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court.") (citation and quotation marks omitted).

**c. Adequate Proof to Support Rejection of a Motion to Suppress**

The Ninth Circuit has expressly stated that a United States proffer based on the statement of facts attached to the complaint is alone adequate to defeat a motion to suppress where the defense fails to adduce specific and material facts. See Batiste, 868 F.2d at 1092. Moreover, the Ninth Circuit has held that a District Court may properly deny a request for an evidentiary hearing on a motion to suppress evidence because the defendant did not properly submit a declaration pursuant to a local rule. See United States v. Wardlow, 951 F.2d 1115, 1116 (9th Cir. 1991); United States v. Howell, 231 F.3d 616, 620 (9th Cir. 2000) ("An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist."); see

also United States v. Walczak, 783 F. 2d 852, 857 (9th Cir. 1986) (holding that evidentiary hearings on a motion to suppress are required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to whether contested issues of fact exist). Even if Defendant provides factual allegations, the Court may still deny an evidentiary hearing if the grounds for suppression consist solely of conclusory allegations of illegality. See United States v. Wilson, 7 F.3d 828, 834-35 (9th Cir. 1993) (District Court Judge Gordon Thompson did not abuse his discretion in denying a request for an evidentiary hearing where the appellant's declaration and points and authorities submitted in support of motion to suppress indicated no contested issues of fact).

As Defendant in this case has failed to provide declarations alleging specific and material facts, the Court would be within its discretion to deny Defendant's motion based solely on the statement of facts attached to the complaint in this case, without any further showing by the United States. Moreover, Defendant had an opportunity, in his moving papers, to proffer any facts alleging violations of his rights, but failed to do so. Instead, Defendant merely cited generic Miranda law. Defendant's allegation of a Miranda violation is mere boilerplate language that fails to demonstrate there is a disputed factual issue requiring an evidentiary hearing. See Howell, 231 F.3d at 623.

As such, this Court should deny Defendant's motion to suppress and hold, based on the Statement of Facts attached to the Complaint, that Defendant's statements were voluntarily made.

**2. Defendant's Statements were Voluntary**

A confession is voluntary if it is the "product of a rational intellect and a free will." Medeiros v. Shimoda, 889 F.2d 819, 823 (9th Cir.1989) (quoting Townsend v. Sain, 372 U.S. 293, 307 (1963)). A confession is involuntary when "under the totality of circumstances, the government obtained the confession by coercion or improper inducement." United States v. Turner, 926 F.2d 883, 888 (9th Cir.) (quoting United States v. Pinion, 800 F.2d 976, 980 (9th Cir.1986)). The crucial question is whether Defendant's will was overborne when he confessed. See United States v. Miller, 984 F.2d 1028, 1031 (9th Cir. 1988).

In the present case, there is no evidence to suggest that Defendant's statements were the result of any coercion or improper inducement. Accordingly, the statements as well as the fruits of the lawful arrest are admissible.

**B. THE MOTION TO COMPEL "DOG" DISCOVERY SHOULD BE DENIED**

Defendant next argues that he is entitled to "dog discovery"[1] given the fact that a canine alerted to the trailer of the vehicle he was driving. As set forth below, Defendant is not entitled to any "dog discovery" because (1) probable cause is not required to stop vehicles at fixed checkpoints and refer them to secondary inspection, (2) Defendant consented to the search of the trailer prior to being referred to secondry, and (3) once at secondary inspection, probable cause existed to search the trailer absent the canine alert. Accordingly, because Defendant consented to search the vehicle's trailer and probable cause existed to search the trailer once at secondary, no further discovery should be compelled on the dog's training since the United States is not relying upon the dog alert to justify the warrantless search the vehicle.

A vehicle may be stopped at a permanent checkpoint for a brief immigration inspection absent individualized suspicion. United States v. Martinez-Fuerte, 428 U.S. 543, 562 (1972); United States v. Gasca-Castillo, 2007 U.S. Dist. LEXIS 1606 (S.D.Ca. 2007). An agent has discretion to refer to a vehicle to secondary inspection even without particularized suspicion. Id. The fact that a fixed checkpoint is equipped with a canine trained in detecting humans and drugs does not change the focus of the immigration checkpoint. Id. In this case, the brief detention of the vehicle at the checkpoint was proper as was the subsequent referral to secondary inspection.

Secondly, Defendant gave verbal consent to search the trailer prior to being referred to secondary inspection. Moreover, Diaz gave agents permission to break the lock on the trailer, if

---

[1] Pursuant to United States v. Cedano-Arellano, 332 F.3d 568 (9th Cir. 2003) and later cases relying on Cedano, if the Government relies upon the dog alert to justify the search, Rule 16 is complied with concerning "dog discovery" if the Government turns over "certification documents and a record of the dog's training." As such, should this Court determine that discovery on the dog is required, Defendant is only entitled to certification documents and a record of the dog's training, and no more.

necessary. Given the fact that Defendant gave consent to search the trailer, further discovery on the canine's training is not necessary.

Lastly, once at secondary inspection, agents noticed condensation on the inside of the window of the trailer. Armed with consent from Defendant to search the trailer, agents opened the window to the trailer, and saw eight people laying down inside the trailer. Once agents saw the people inside, they had probable cause to search the trailer. One of the aliens inside the trailer opened the door from the inside, thus alleviating the need to break the lock.

In sum, the United States is not relying upon the canine alert to justify the search of the trailer because the Defendant gave consent to search. Accordingly, Defendant's motion should be denied.

## III

## CONCLUSION

For the above stated reasons, the Government respectfully requests that Defendant's motions be denied.

DATED: March 27, 2008.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

s/Alessandra P. Serano
ALESSANDRA P. SERANO
Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. SERGIO ANGEL DIAZ, Defendant. | Case No. 08CR0611-JM<br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, ALESSANDRA P. SERANO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of United States' Response and Opposition to Defendant's Motions on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Brian J. White, Esq.
Shaun Khojayan, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 27, 2008.

s/Alessandra P. Serano
ALESSANDRA P. SERANO